[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13874
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-14012-JEM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JULIO CESAR BRAND,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 28, 2011)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Julio Cesar Brand appeals his 60-month sentence that was imposed after he

pleaded guilty to conspiracy to possess with intent to distribute 100 or more

marijuana plants, in violation of 21 U.S.C. §§ 846 and 841(a)(1). At Brand's sentence hearing he admitted, through his counsel, that a 60-month sentence was the minimum sentence required by law and "ask[ed] the Court to go ahead and sentence him to 60 months." See 21 U.S.C. § 841(b)(1)(B). And he did not object when he was given a 60-month sentence. He now contends, however, that the district court violated Federal Rule of Criminal Procedure 32 by failing to ask him personally whether he wished to speak at the sentence hearing.

"[A] district court's failure to afford a defendant the right of allocution will be reviewed only for plain error where the defendant did not timely object." United States v. Dorman, 488 F.3d 936, 938 (11th Cir. 2007) (quoting United States v. Prouty, 303 F.3d 1249, 1251 (11th Cir. 2002)). "We will correct plain error only where (1) there is an error; (2) the error is plain or obvious; (3) the error affects the defendant's substantial rights in that it was prejudicial and not harmless; and (4) the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding." Id.

Even assuming that the district court erred by not giving Brand an opportunity to allocute, he was not prejudiced because he could not have received a sentence of less than 60 months imprisonment—the minimum sentence required by law. See 21 U.S.C. § 841(b)(1)(B). In fact, Brand does not even argue that he

2

was prejudiced.  There was no plain error.

**AFFIRMED.**